NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GARRY R. FALOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| – vs. – ) | |
| ) | |
| G&S BILLBOARD, CONMACO/RECTOR ) | |
| L.P., CONMACO, INC., HERCULES ) | |
| MACHINERY CORPORATION, ) | Hon. Harold A. Ackerman |
| HMC NORTHEAST, INC., J&M ) | |
| HYDRAULICS, INC. D/B/A HMC ) | Civil Action No. 04-2373 (HAA) |
| NORTHEAST, INC., AMERICAN ) | |
| PILEDRIVING EQUIPMENT, INC. IN ITS ) | **OPINION AND ORDER** |
| OWN RIGHT AND AS SUCCESSOR IN ) | |
| INTEREST TO J&M HYDRAULICS, INC., ) | |
| BRUCO INDUSTRIES, INC., QUIKCUT, ) | |
| INC., IN ITS OWN RIGHT AND AS ) | |
| SUCCESSOR IN INTEREST TO BRUCO ) | |
| INDUSTRIES, INC., JOHN DOE #6, JOHN ) | |
| DOE #7, and JOHN DOE #8, ) | |
| ) | |
| Defendants. ) | |
|  ) | |

Paul T. Hoffman
HOFMANN & ASSOCIATES
17 Academy Street
Suite 415
Newark, NJ 07102
*Attorneys for Plaintiff*

Michael J. Marone
MCELROY, DEUTSCH, MULVANEY & CARPENTER
1300 Mount Kemble Ave.
PO BOX 2075
Morristown, NJ 07962-2075
*Attorneys for Defendant G&S Billboard*

1

Gerald David Siegel
SIEGEL & SIEGEL, P.C.
666 Plainsboro Road
Building 100
Suite 1F
Plainsboro, NJ 08536
*Attorneys for Defendant Hercules Machinery Corp.*

Christopher E. Martin
MORRISON MAHONEY LLP
Waterview Plaza
2001 U.S. HIGHWAY 46 EAST
Suite 200
Parsippany, NJ 07054
*Attorneys for Defendant American Piledriving Equipment, Inc.*

Brian R. Ade
RIVKIN RADLER LLP
47 Maple Street - Third Floor
Summit, NJ 07901
*Attorneys for Defendant Bruco Industries, Inc.*

**ACKERMAN, Senior District Judge:**

  This matter comes before the Court on Defendants Bruco Industries, Inc. ("Bruco"), Hercules Machinery Corporation ("Hercules"), and American Piledriving Equipment, Inc.'s ("APE") (collectively "Moving Defendants") motion to dismiss Plaintiff's Fourth Amended Complaint, or in the alternative, to dismiss Counts III through V because New Jersey's Products Liability Act subsumes Plaintiff's tort-based claims.  Defendant G&S Billboard ("G&S") opposes Bruco's motion to dismiss and moves this Court for leave to file a third party complaint. For the following reasons, Moving Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint is GRANTED and G&S's motion for leave to file a third party complaint is GRANTED IN PART.

## I. BACKGROUND

Plaintiff Garry R. Falor ("Falor") worked as a construction worker for J. Fletcher Creamer & Sons, Inc. ("Creamer"), a non-party.  G&S contracted with Creamer to erect a billboard adjacent to the New Jersey Turnpike.  The erection of the billboard required pilings to be driven into the ground to support and stabilize the billboard.  G&S drove metal reinforced steel bars, commonly referred to as rebars, into the ground to mark where the pilings would be placed.  Pursuant to the contract, Creamer was responsible for driving the pilings into the ground.  Part of Falor's assignment was to climb up on leads[1] provided by Creamer.  Creamer allegedly leased the leads from all named Defendants with the exception of G&S.

On August 20, 2002, while jumping from a ladder attached to a section of the leads, Falor landed upon one of the place-marker rebars and sustained injuries.  Falor filed the Original Complaint on May 21, 2004 naming G&S and John Does 1 and 2 and claiming negligence in maintaining the work site.  On July 16, 2004, Falor amended the Original Complaint to include Defendants Conmaco/Rector, L.P. ("Conmaco/Rector"), Conmaco, Inc. ("Conmaco"), and John Doe 3.  The First Amended Complaint asserted negligence against G&S, Conmaco/Rector, Conmaco, and John Does 1-3.  In addition, the First Amended Complaint contained a defective product claim against Conmaco/Rector and Conmaco.  At around the same time as the filing of the First Amended Complaint, Falor discovered that Conmaco/Rector and Conmaco had instituted a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District

---

[1] Leads are support mechanisms used in the pile-driving operation to guide the piles into the ground.

of Louisiana on February 27, 2004.  As a result, the suit was stayed pursuant to the automatic stay provisions of the Bankruptcy Code.  On January 12, 2005, Falor moved the bankruptcy court to lift the stay.  The bankruptcy court lifted the stay on May 19, 2005 and discovery in the case resumed.

While the motion to lift the stay was pending, Falor allegedly received a set of documents from Creamer which revealed Hercules's involvement.  Subsequently, on April 13, 2005, Falor filed the Second Amended Complaint identifying Hercules as one of the John Doe defendants listed in the First Amended Complaint.  The Second Amended Complaint asserted claims of negligence against G&S, Conmaco/Rector, Conmaco, Hercules, and John Does 2-4 and defective product claims against Conmaco/Rector, Conmaco, Hercules, and John Doe 4.  As discovery continued, Falor purportedly became aware of the involvement of Bruco and APE.  Consequently, Falor filed the Third Amended Complaint on October 12, 2005 to add Bruco, APE, and John Does 6-8 as defendants.  The Third Amended Complaint contained defective product claims against all named Defendants with the exception of G&S.  On October 31, 2005, this Court signed an Order of dismissal with respect to Conmaco/Rector only.  On January 26, 2006, pursuant to the order of Magistrate Judge Falk, Falor filed the Fourth Amended Complaint to clarify the products liability theories contained in the previous complaints and to include a claim under the New Jersey Products Liability Act ("PLA"), N.J.S.A. § 2A:58C-1 to 11.

In response, the Moving Defendants moved this Court to dismiss the Fourth Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that the statute of limitations on Falor's claims have run.  In the alternative, the Moving Defendants moved this Court to dismiss Falor's breach of implied warranty (part of

Count III), negligence (Count IV), and strict liability (Count V) claims under the theory that Falor's product liability claim (Count II) under the PLA subsumes Counts III-V. The Moving Defendants also moved this Court to dismiss Falor's breach of express warranty (part of Count III) claim, arguing that no contract exists between the parties. G&S then filed opposition papers against the Moving Defendants' motion to dismiss the Fourth Amended Complaint and also moved the Court for leave to file a third-party complaint against all named Defendants.

II.   ANALYSIS

    A. Moving Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true the facts and allegations contained in a complaint and all reasonable inferences drawn therefrom, and to view the facts in the light most favorable to the non-moving party. *Sadruddin v. City of Newark*, 34 F. Supp. 2d 923, 925 (D.N.J. 1999); *see also Gen. Motors Corp. v. New A Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001). Under Rule 12(b)(6), the claimant must set forth sufficient information in the complaint to provide defendant with notice of the plaintiff's claims, such as the elements of the claims. *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2002); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the question before the Court is not whether the plaintiff will ultimately prevail, but whether the plaintiff can prove any set of facts and allegations that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Therefore, the Court will "dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*.

The parties agree that in New Jersey, personal injury tort actions such as the instant action

are governed by a two-year statute of limitations. N.J.S.A. § 2A:14-2. However, under Federal Rule of Civil Procedure 15(c), a party may avoid the effect of a statute of limitations through relation back. Thus, Rule 15(c) allows an amended pleading to relate back to the date of the original, timely pleading.

### 1. Federal Rule of Civil Procedure 15(c)(1)

Under Rule 15(c)(1), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). The New Jersey fictitious party rule states that "[i]n any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J.R. § 4:26-4.

In order to claim the benefit of the fictitious party rule, the plaintiff must "exercise[] due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 (3d Cir. 2004) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111 (1973)). The fictitious name also "must have appended to it 'an appropriate description sufficient to identify the defendant.'" *DeRienzo*, 357 F.3d at 353 (quoting *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 146 (App. Div. 1986)). However, the claimant is not entitled to the benefit of the rule if the claimant, through due diligence, should have known the defendant's identity prior to the expiration of the statute of limitations. *Mears v. Sandoz Pharms.*, 300 N.J. Super. 622, 628-31 (App. Div. 1997). In addition, the application of the fictitious party rule must not prejudice the defendant. *Farrell*, 62

N.J. at 122; *Mears*, 300 N.J. Super. at 631-33.

The Court must now determine whether any of Falor's Complaints filed prior to the expiration of the statute of limitations provide "an appropriate description sufficient to identify the defendant." *Rutkowski*, 209 N.J. Super. at 146. In *Rutkowski*, the court found that identifying John Doe Defendants as "'otherwise responsible'" the machine that injured plaintiff did not provide sufficient description to identify the defendant. *Id*. at 147. The court further stated that "without even a designation of the manner in which a 'John Doe' may be responsible, no adequate claim can be said to have been made." *Id*. at 148.

The same principle applies to the instant. In his Original Complaint, Falor alleged that fictitious Defendants John Does 1 and 2 are "corporation[s] which [are] incorporated and [do] business in the State of New Jersey" and that John Does 1 and 2 "subcontracted the work of driving of piles to Creamer on the project which involved the installation of the billboard." (Orig. Compl. ¶¶ 5-6, 13-14.) Fictitious Defendant John Doe 3 is similarly described in the First Amended Complaint as a New Jersey corporation hired "to plan where the pilings were to be driven for the billboard/sign project." (First Am. Compl. ¶ 10, 22.) In both the Original Complaint and the First Amended Complaint, Falor claimed that "the defendants were negligent" and that he suffered injuries because of "the negligence of G&S and John Does ## 1-3." (Orig. Compl. ¶ 24; First Am. Compl. ¶ 36.) Prior to the Second Amended Complaint, Falor did not suggest that fictitious Defendants John Does 1-3 participated in the design and manufacturing of the leads.

By contrast, in *Farrell* the New Jersey Supreme Court found that the plaintiffs' designation of the fictitious defendant as "'John Doe and/or John Doe, Inc.,' who was alleged to

be the assembler, supplier or seller of the machine which caused the injuries" provided a sufficient description of the fictitious defendant. *Farrell*, 62 N.J. at 113. The plaintiffs in *Farrell* knew that they had a cause of action against the manufacturer of the machine; however, they were uncertain of the true identity of the manufacturer. The court concluded that the plaintiffs met the requirements of the fictitious party rule by providing an appropriate description sufficient to identify the fictitious party and that "it would disserve the rule's broad remedial purposes if it were construed to require more." *Id*. at 118.

In the instant action, Falor cannot argue, as the plaintiffs in *Farrell* did, that he did not know that he had a cause of action against the manufacturer of the leads or that he did not know the identity of the manufacturer because he sued Conmaco/Rector and Conmaco as the manufacturers of the leads in both the Original Complaint and the First Amended Complaint. Therefore, Falor has failed to meet the requirements of the New Jersey fictitious party rule.

Falor argues that he only discovered the involvement of Hercules on March 12, 2005 when he received a set of documents from Creamer, in response to a prior subpoena, identifying Hercules as the manufacturer of the leads. Falor subsequently discovered Bruco and APE's involvement when discovery was allowed to resume after the bankruptcy court granted Falor's motion to lift the stay. Falor asserts that he exercised due diligence in finding out the true identity of the fictitious Defendants by filing amended complaints shortly after discovering Moving Defendants' participation in the case.

Falor eventually named Hercules, Bruco and APE as Defendants after receiving the set of documents from Creamer. However, Falor did not name any fictitious party alleged to have designed or manufactured the leads prior to the expiration of the statute of limitations. Since

Falor now seeks to hold the Moving Defendants liable as manufacturers of the leads, the omission of a fictitious party manufacturer is a significant oversight. Indeed, Falor did not name a fictitious party manufacturer until filing the Second Amended Complaint, five months after the statute of limitations had run. Thus, it cannot be said that the fictitious party designations in either of the Original or the First Amended Complaint provided "an appropriate description sufficient to identify the defendant." *Rutkowski*, 209 N.J. Super. at 146. Falor's failure to provide the appropriate description sufficient to identify the Moving Defendants thus prejudiced the Moving Defendants' case because they did not receive proper notice of the lawsuit. *Cruz v. City of Camden*, 898 F. Supp. 1100, 1108 (D.N.J. 1995) (stating that defendants were prejudiced by lack of proper notice).

Moreover, the inclusion of fictitious Defendants John Does 1-3 in the Original and the First Amended Complaint revealed that Falor knew the existence of other defendants when he filed the complaints. Nevertheless, Falor failed to provide appropriate descriptions of the Moving Defendants. Therefore, it cannot be said that Falor exercised due diligence in ascertaining the Moving Defendants' true identities. Neither can Falor credibly argue that his lack of knowledge was attributable to the bankruptcy stay because the true identity of the Moving Defendants came from Creamer, his own employer and a non-party, <u>during</u> the pendency of the stay. Accordingly, the Court finds that Falor did not meet the requirements of the fictitious party rule and that his claims against the Moving Defendants are time-barred.[2]

---

[2] While the Moving Defendants all argue that the claims against them are untimely, APE further argues that it cannot be liable under the theory of defective product design because it is not a manufacturer but a distributor. APE contends that it cannot be sued as the successor in interest of the actual manufacturer that might be liable in this case. Because the Court has already determined that the claims against the Moving Defendants are time-barred, the Court

### 2. Federal Rule of Civil Procedure 15(c)(2)

Under Rule 15(c)(2), Falor may qualify for relation back if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). It is well settled that Rule 15(c)(2) applies to claims or defenses against existing defendants, while Rule 15(c)(3) applies to claims or defenses against new parties. *See, e.g., Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995). Accordingly, Rule 15(c)(2) is inapplicable to the present action.

### 3. Federal Rule of Civil Procedure 15(c)(3)

Falor may qualify for relation back under Rule 15(c)(3) if three requirements are met: (1) the claim against the new party must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) the new party must have received such notice of the action so that the party will not be prejudiced in maintaining a defense on the merits; and (3) the new party knew or should have known that "but for a mistake" by the plaintiff, "the action would have been brought against" the new party in the first place. Fed. R. Civ. P. 15(c)(3); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001). In addition, the notice requirement must be met within the 120-day period provided by Rule 4(m). *Singletary*, 266 F.3d at 194.

As discussed earlier in the analysis of Rule 15(c)(1), Hercules did not receive notice of

---

need not address the merits of APE's argument.

this action until April 13, 2005 when Falor filed the Second Amended Complaint.  Similarly, Bruco and APE did not receive such notice until October 12, 2005 when Falor filed the Third Amended Complaint.  Falor clearly failed to provide notice within the prescribed 120-day period.  Accordingly, the Court finds that Falor's Fourth Amended Complaint does not relate back to the Original Complaint and the claims contained therein are time-barred as against the Moving Defendants.  Therefore, Moving Defendants' motion to dismiss is granted and Plaintiff's claims against the Moving Defendants are dismissed.

### B. G&S's Motion for Leave to File a Third Party Complaint

Federal Rule of Civil Procedure 14(a) states in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a).

Under Rule 14(a), a third-party claim may be asserted "when the third party's liability is in some way dependent or when the third party is secondarily liable to defendant.  If the claim is separate or independent from the main action, impleader will be denied." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting 6 C. A. Wright, A. R. Miller, M. K. Kane, Federal Practice and Procedure § 1446, at 355-58 (1990)).  In determining whether to grant leave to file a third-party complaint, the district courts in this Circuit have assessed the following factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Ronson v. Talesnick*, 33 F. Supp. 2d

347, 356 (D.N.J. 1999); *see also Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1068 (D. Del. 1990); *Con-Tech Sales Defined Benefit Trust v. Cockerham*, 715 F. Supp. 701, 703 (E.D. Pa. 1989).

G&S moves this Court for leave to file a third party complaint seeking indemnification and contribution from defendants Hercules, HMC Northeast, Inc. ("HMC Northeast"), J&M Hydraulics, Inc. ("J&M"), APE, Bruco, Quickcut, Inc. ("Quickcut"), and John Does #1-10. Bruco vigorously argues that for purposes of Rule 14(a), "a person not a party to the action" means "one who is not an original party to [the] lawsuit." (Bruco Br. in Opp. to G&S's Mot. for Leave to File Third-Party Compl. at 2. (citing *Karcher v. May*, 484 U.S. 74, 77 (1987)).) G&S maintains, however, that a party can be added to an action, so long as he is not a party to the action at the time of filing the third-party complaint regardless or whether he was originally a party to the action. The Court must now determine whether a party original to the action that is later dismissed from the action can be considered eligible as a defendant for purposes of third-party practice.

It is common understanding that if an original party to an action is subsequently dismissed from the action, she is no longer a party to the action after dismissal. In stating that "one who is not an original party to a lawsuit may of course become a party by intervention, substitution, or third-party practice," the Supreme Court of the United States in *Karcher* merely identified the circumstances under which a third-party may be brought into an action. *Karcher*, 484 U.S. at 77. The *Karcher* Court, however, did not address the issue of whether a party can be considered eligible for third-party status if she was originally a party to the action but was later dismissed from the action. Nevertheless, it logically follows, and the Court so finds, that once

12

the party is dismissed from the action, he can subsequently be viewed as a potential third-party defendant for purposes of third-party practice.

The factors used in determining whether to grant leave to file a third-party complaint also favor granting leave here. All parties to the action have notice and Falor would not be prejudiced because the Moving Defendants were parties to the action prior to the dismissal. Also, the addition of the Moving Defendants would not delay the trial or complicate the issues at trial because the discovery is ongoing.

In the instant action, because this Court dismissed Falor's Fourth Amended Complaint with respect to the Moving Defendants, they are no longer parties to the action. Accordingly, G&S may properly file a third-party complaint against the Moving Defendants. However, because Conmaco, HMC Northeast, J&M, and Quickcut did not join in the Moving Defendants' motion to dismiss, Conmaco, HMC Northeast, J&M and Quickcut are still parties to the current action and G&S may not assert third-party claims against them. This Court notes, however, that cross-claims against such parties may be appropriate.

Therefore, the Court finds that G&S's motion for leave to file a third-party complaint should be granted as to the Moving Defendants dismissed earlier in this Opinion, and that G&S may file a third-party complaint as to those dismissed parties.

### III. CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that the Moving Defendants' motion to dismiss is GRANTED and Plaintiff's Fourth Amended Complaint is hereby DISMISSED with respect to Bruco, Hercules, and APE. It is FURTHER ORDERED that G&S's

motion for leave to file a third-party complaint is GRANTED with respect to Bruco, Hercules, and APE, and DENIED with respect to the remainder of the named Defendants.

October 23, 2006 /s Harold A. Ackerman
Newark, New Jersey U.S.D.J

14