## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GARRY R. FALOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| G&S BILLBOARD, CONMACO/RECTOR | : | Civil Action No. 04-2373 (HAA) |
| L.P., CONMACO, INC., HERCULES | : | |
| MACHINERY CORPORATION, HMC | : | |
| NORTHEAST, INC., J&M HYDRAULICS, | : | |
| INC., AMERICAN PILEDRIVING | : | |
| EQUIPMENT, INC., in its own right and | : | |
| as successor in interest to J&M | : | |
| HYDRAULICS, INC., BRUCO INDUSTRIES, | : | |
| INC., QUIKCUT, INC., in its own right and as | : | |
| successor in interest to BRUCO INDUSTRIES, | : | |
| INC., JOHN DOE #6, JOHN DOE #7, and | : | |
| JOHN DOE # 8 | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |
| | : | |
| G&S BILLBOARD | : | |
| | : | **REPORT AND RECOMMENDATION** |
| Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HERCULES MACHINERY CORP., | : | |
| AMERICAN PILEDRIVING EQUIPMENT, | : | |
| INC., in its own right and as successor in | : | |
| interest to J&M HYDRAULICS, INC. d/b/a | : | |
| HMC NORTHEAST, INC., BRUCO | : | |
| INDUSTRIES, INC., and JOHN DOES #1-10 | : | |
| | : | |
| Third Party Defendants | : | |
| _____ | : | |

Paul T. Hoffman
HOFMANN & ASSOCIATES
17 Academy Street
Suite 415
Newark, NJ 07102
*Attorneys for Plaintiff*

Michael J. Marone
MCELROY, DEUTSCH, MULVANEY, & CARPENTER
1300 Mount Kemble Ave.
PO Box 2075
Morristown, NJ 07962
*Attorneys for Defendant/Third Party Plaintiff G&S Billboard*

Gerald David Siegel
SIEGEL & SIEGEL, P.C.
666 Plainsboro Road
Building 100, Suite 1F
Plainsboro, NJ 08536
*Attorneys for Third Party Defendant Hercules Machinery Corp.*

Christopher E. Martin, Esq.
MORRISON & MAHONEY
Waterview Plaza
2001 U.S. Highway 46 East
Suite 200
Parsippany, NJ 07054
*Attorneys for Third Party Defendant American Piledriving Equipment, Inc.*

Brian R. Ade
Timothy Boyd Parlin
RIVKIN RADLER LLP
47 Maple Street – Third Floor
Summit, NJ 07901
*Attorneys for Third Party Defendant Bruco Industries, Inc. and Defendant QuikCut, Inc.*

Kevin Michael Regan, Esq.
MARSHALL DENNEHEY
425 Eagle Rock Avenue
Roseland, NJ 07068
*Attorneys for Defendant J&M Hydraulics, Inc.*

SALAS, United States Magistrate Judge

## I.  INTRODUCTION

This matter comes before the undersigned on: (1) Defendant QuikCut, Inc.'s ("QuikCut") motion for leave to file a late motion to dismiss (Docket Entry #95), (2) Plaintiff Garry Falor's ("Plaintiff") cross-motion for entry of default judgment against Defendant QuikCut (Docket Entry #99), (3) Plaintiff's motion for default judgment against Defendant J&M Hydraulics, Inc. ("J&M") (Docket Entry #93), and (4) Defendant J&M's motion to set aside default (Docket Entry #106).   The Honorable Harold A. Ackerman, Senior United States District Judge, referred said motions to the undersigned for report and recommendation pursuant to Local Civil Rule 72.1(a)(2).

## II.  BACKGROUND

### A.  Factual Background[1]

Plaintiff alleges injuries arising out of an August 20, 2002 accident that occurred in the course of his employment.  (Op. & Order at p. 3, October 23, 2006).  Plaintiff's employer, non-party J. Fletcher Creamer & Sons, Inc. ("Creamer"), contracted with G&S Billboard ("G&S") to erect a billboard adjacent to the New Jersey Turnpike.  (*Id.*)  Plaintiff was working in furtherance of Creamer's performance under said contract when the August 20, 2002 accident occurred.  (*Id.*).

### B.  October 23, 2006 Opinion and Order

On October 23, 2006, this Court dismissed Plaintiff's claims against certain Defendants and permitted Defendant G&S to file a third party complaint against the group of dismissed Defendants.  (Op. & Order p. 13-14, October 23, 2006).  This group of former-

---

[1] The undersigned refers to the Court's October 23, 2006 Opinion and Order for a detailed discussion of the underlying facts and procedural history.  (Docket Entry #76).

Defendants, that have since become Third Party Defendants, includes Bruco Industries, Inc. ("Bruco"), Hercules Machinery Corp. ("Hercules"), and American Piledriving Equipment, Inc. ("APE"). (*See generally id*.) After rejecting Plaintiff's argument that New Jersey's fictitious party rule (N.J.R. 4:26-4) authorized relation back pursuant to Rule 15(c), the Court held that Plaintiff's claims against Bruco, Hercules, and APE were time-barred pursuant to N.J.S.A. § 2A:14-2 – New Jersey's two-year personal injury statute of limitations. (*See id*. at 6-10). Finally, the Court rejected Plaintiff's argument subparagraphs (c)(2) or (c)(3) of Federal Rule of Civil Procedure 15 authorized relation back. (*See id*. at 10-11).

Next, the Court granted Defendant G&S' motion to file a third party complaint against Bruco, Hercules, and APE. (*Id*. at 11-13). Citing the United States Supreme Court's decision in *Karcher*, the Court held that a party dismissed from an action can thereafter be named as a third party defendant. (*Id*. at 12-13). Furthermore, the Court held that Plaintiff's claims against Defendants Conmaco, Inc. ("Conmaco"), HMC Northeast, Inc. ("HMC Northeast"), J&M, and QuikCut remained as said Defendants did not join in the motion to dismiss. (*Id*. at 13). Finally, the Court determined that Defendant G&S could file cross-claims against the remaining Defendants but could not assert third party claims against them. (*Id*. at 13).

## C.    Current Procedural Posture

On November 8, 2006, Defendant G&S Billboard filed a third party complaint against Bruco, Hercules, and APE. (Docket Entry #77). While Third Party Defendants Bruco and Hercules answered, Third Party Defendant APE moved for summary judgment. Third Party Defendant Hercules' answer includes cross-claims against Third Party Defendants APE and Bruco and a counterclaim against Defendant G&S. (Docket Entry #83). Third Party Defendant Bruco, on the other hand, asserts cross-claims against Third Party Defendants APE and Hercules.

(Docket Entry #91).  Finally, Third Party Defendant APE's motion for summary judgment is pending before Judge Ackerman.  (Docket Entry #90).

        Since assuming case management responsibilities on November 21, 2006, the undersigned has attempted to continue Magistrate Judge Falk's concerted effort to manage this aging civil action.  To this end, I entered a Scheduling Order setting a new discovery end date of August 15, 2007.  (Docket Entry #89)  On December 21, 2006, I conducted a telephone conference with the parties in an attempt to resolve Defendant QuikCut's then-informal request for leave to file a motion dismiss.  When this effort[2] failed, I instructed the parties to file briefs.

### D.    Motions Before the Undersigned

        In a sentence, the four motions before the undersigned involve Plaintiff requesting default judgment against two dilatory Defendants seeking to proceed on the merits.  While Defendants QuikCut and J&M were both duly served, neither timely filed an answer or otherwise moved in response to Plaintiff's Third Amended Complaint.  (Summons Returned Executed, Docket Entry #26, Defendant QuikCut served on November 1, 2005); (Summons Returned Executed, Docket Entry #32, Defendant J&M served on November 23, 2005).  Through their respective motions, said Defendants oppose Plaintiff's alleged entitlement to default judgment.

---

[2] The focus of the December 21, 2006 telephone conference was Defendant QuikCut's informal request to move to dismiss out of time.  The undersigned has no recollection of any discussion regarding Plaintiff's intent to move for default judgment against Defendant J&M.  Plaintiff's failure to disclose said intent does not further the Court's case management efforts.  If aware of Plaintiff's intent to move for default judgment against J&M, the undersigned would have entered an appropriate order to prevent the redundant and wasteful briefing that followed the telephone conference.

1.      **Defendant QuikCut, Inc.'s motion for leave to file a motion to dismiss out of time and Plaintiff Gary Falor's cross-motion to enter default judgment against Defendant QuikCut, Inc.**

Through its motion for leave to file a late motion to dismiss, Defendant QuikCut contends that Plaintiff's claims against it are time-barred pursuant to the reasoning of this Court's October 23, 2006 Opinion and Order.  (Def. QuikCut's Memorandum of Law In Support of Request for Leave to Move at p. 1-3).  Moreover, Defendant QuikCut argues that this Court should characterize its delay as "excusable neglect" and permit it to proceed on the merits.  (*Id.* at p. 3-6).  In support of said arguments, Defendant QuikCut proffers the affidavit of its President Mr. Mark Webb.  (Def. QuikCut's Request for Leave to Move, Aff. of Mark Webb).

Mr. Webb admits accepting service on behalf of both QuikCut and Bruco[3] on November 1, 2005.  (*Id.* at ¶ 2).  At the time, he reasoned that because QuikCut "had nothing to do with the allegations in the Fourth Amended Complaint, [he] did not think it was necessary to do anything further with the Summons addressed to QuikCut."  (*Id.* at ¶ 3).  Thus, Webb proceeded to forward the Bruco Summons to his insurance carrier, who retained counsel to represent Bruco only.  (*Id.*)

In its cross-motion seeking entry of default against Defendant QuikCut, Plaintiff argues that Defendant QuikCut cannot demonstrate "excusable neglect" or otherwise explain its failure to move within twenty days of service.  (Pl.'s Memorandum of Law In Opp'n. to Def. QuikCut's Motion for Leave to Move at p. 9).  Plaintiff proceeds to contend that it suffered prejudice flowing from the "mere passage of time."  (*Id.* at p. 10, citing *Johnson v. Muhlenberg Regional Medical Ctr.*, 740 A.2d 1122, 1125 (App. Div. 1999); *Mears v. Sandoz Pharm. Inc.*, 693 A.2d 558, 563 (App. Div. 1997)).  Thereafter, Plaintiff compares this case to the facts

---

[3] QuikCut purchased the assets of Bruco on January 1, 2004. (Def. QuikCut's Memorandum of Law In Support of Request for Leave to Move Out of Time, Aff. of Mark Webb at ¶ 1).

considered in an unpublished opinion from a district court sitting in another federal circuit before embarking on an extensive discussion of why he believes this Court's prior decision was incorrect. (*Id*. at p. 13-27).

> **2.    Plaintiff Gary Falor's motion to enter default judgment against Defendant J&M Hydraulics and Defendant J&M Hydraulics motion to set aside entry of default**

Likewise, Plaintiff vigorously opposes Defendant J&M's motion to set aside default.  Plaintiff begins with a discussion of Federal Rule of Civil Procedure 55(c) and the Third Circuit's three-factor test for determining whether the set aside a notation of default.  (*See* Pl.'s Memorandum of Law in Opp'n. to Def. J&M's Mot. to Set Aside Default p. 4, February 23, 2007).  Plaintiff proceeds by arguing that all three factors weigh in favor of default.  (*Id*. at 5-7). Finally, Plaintiff points out that Defendant J&M, "is not even able to produce an affidavit of someone with knowledge to support the application to set aside default, nor does it submit any documentation in that regard."  (*Id*. at p. 5).

Defendant J&M, on the other hand, does not submit an affidavit of any person with personal knowledge of the circumstances surrounding its delay in responding to this litigation.  (*See* Def. J&M's Mot. to Set Aside Default)  Instead, Defendant J&M's moving papers include a "Certification of Counsel" which describes events that are clearly beyond the personal knowledge of the affiant.  (*Id*., Certification of Counsel at ¶ 9)  Moreover, said Certification of Counsel also includes legal and factual argument.   (*Id*. at ¶¶ 17-18).  Said legal argument continues in Defendant J&M's reply papers, which only include a Reply Memorandum of Law In Support of J&M Hydraulics, Inc.'s Motion to Set Aside Default.  (Docket Entry #109).

## III.  DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 55 governs default.  Fed. R. Civ. P. 55.  Pursuant to Rule 55(a), a plaintiff can request the clerk's entry of default against a party "against whom a judgment for affirmative relief is sought [that] has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Thereafter, said plaintiff can seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2).  *Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521, n. 1 (3d. Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry default as provided by Rule 55(a). [citation omitted])").  Finally, Rule 55(c)[4] provides, "for good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Before imposing the extreme sanction of default[5], district courts **must** make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject

---

[4] The Third Circuit applies the same three-factor test discussed herein when considering both applications to set aside entry of default pursuant to Rule 55(a) and requests to vacate default judgment entered pursuant to Rule 55(b).  *Feliciano v. Reliant Tooling Co., Inc.*, 691 F.2d 653, 656 (3d Cir. 1982).

[5] Plaintiff presents a red herring in the form of his contention that an unpublished decision from a district court sitting in a different federal circuit, represents persuasive authority.  (*See e.g*, Pl.'s Memorandum of Law in Support of Default J. Against Defendant QuikCut at p. 12, citing *Griese v. Bauer Corp.*, 2006 U.S. Dist. LEXIS 60543 (E.D. Mich. 2006))  First, the Third Circuit's extensive canon of binding authority regarding this issue diminishes this Court's need for outside guidance.  Moreover, *Griese* is not "directly on-point."  Unlike Defendants QuikCut and J&M, the defendant in *Griese* was not moving to participate in the action when plaintiff moved to enter default against it.  *See Griese*, 2006 U.S. Dist. LEXIS at 5.  Indeed, the *Griese* Court explicitly found that the defaulting party expressed "an unequivocal indication that [the defaulting party] received notice of Plaintiffs' action and intended to do nothing in response."  *Id.*

to default.  *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further

required the district court to make explicit findings concerning the factors it must consider in

rendering judgment by default or dismissal, or in declining to reopen such judgment [citations

omitted]").  In weighing said factors[6], district courts must remain mindful that, like dismissal

with prejudice, default is a sanction of last resort.  *Poulis v. State Farm Fire & Casualty Co.*, 747

F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that

dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme

Court, [in] *National Hockey League*, [internal citation omitted], and are to be reserved for

comparable cases").  To this end, district courts must resolve all doubt in favor of proceeding on

the merits.  *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

       Because the Third Circuit mandates explicit factual findings, evidence regarding

the circumstances leading up to the default becomes the polestar of the district courts' review.

Thus, affidavits of individuals with personal knowledge of said circumstances are indispensable.

Pursuant to Local Civil Rule 7.2(a), "affidavits shall be restricted to statements of fact within the

personal knowledge of the affiant."  Moreover, the Court must disregard any argument of facts

and the law contained in the affidavits.  L. Civ. R. 7.2.  As one commentator notes, "the court has

not hesitated to enforce the directives of this rule."  *See* Lite, N.J. Federal Practice Rules p. 75-76

(Gann 2007) (bullet point listing of such cases).

---

[6] In the case at bar, two defendants seek to proceed on the merits over the objection of a plaintiff
seeking default judgment.  In cases where a party subject to entry of default is not affirmatively
appearing to oppose entry of default judgment, there is an additional safeguard.  *See Dunbar v.
Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987).  The party seeking default
judgment must plead any facts that suggest the default flows from the conduct of a derelict
attorney.  *Id.*  In appropriate circumstances, the district court must mail, directly to the litigant, a
notice of the time and place of a hearing.  *Id.*; *see also DiFrancesco v. Aramark Corp.*, 169 Fed.
Appx. 127, 130 (3d Cir. 2006) (applying *Dunbar* in reversing a district court's dismissal without
prejudice).

**B.** **Defendant QuikCut, Inc.**

First, Plaintiff's request for default judgment is premature.  Before seeking default

judgment pursuant to Rule 55(b)(1), the clerk must enter default pursuant to Rule 55(a).

*Nationwide Mutual Ins. Co*., 175 Fed. Appx. at 521, n. 1 (quoting 10A Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed.

1998)). The Clerk has not entered default against QuikCut pursuant to Rule 55(a).  Thus, the

Court can summarily reject Plaintiff's request for default judgment.  Even if this Court were to

find Plaintiff's request ripe for further analysis, it still fails.  As the following reflects,

consideration of the three-factor test supports proceeding on the merits as to Defendant QuikCut.

**1.  Meritorious Defense**

District courts must find this factor in favor of proceeding on the merits when the

party subject to entry of default can proffer a meritorious defense.  This factor contemplates the

proffer of "some specificity as to grounds of the defense beyond a mere allegation."  *Nationwide*

*Mutual Ins. Co.*, 175 Fed.Appx. at 522 (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979,

981 (3d Cir. 1988)).  Facial merit will suffice to support a finding that this factor favors

proceeding on the merits.  *Emcasco Ins. Co.*, 834 F.2d at 74 ("We need not decide the legal issue

at this time; it is sufficient that Sambrick's proffered defense is not facially unmeritorious

[internal quotations omitted]").

Defendant QuikCut easily satisfies this standard.  This Court already held that

Plaintiff's claims against Bruco were time-barred.  (Op., October 23, 2006).  Plaintiff served

QuikCut and Bruco on the same day.  (Def. QuikCut's Request for Leave to Move, Aff. of Mark

Webb at ¶ 2).  Moreover, QuikCut is the successor-in-interest to Bruco.  (*Id*. at ¶ 1).  Thus, the

undersigned finds QuikCut's contention – that the same reasoning that barred Plaintiff's claims

against Bruco will also bar Plaintiff's claims against QuikCut – highly persuasive.   Accordingly, this factor weighs in favor of proceeding to the merits.   *See Accu-Weather, Inc. v. Reuters Ltd.*, 779 F.Supp. 801, 803 (M.D.Pa. 1991) ("[t]he defendant is not required to prove beyond the shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face").

## 2. Prejudice to Plaintiff

For purposes of this next factor, "prejudice is established when a plaintiff's 'ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment [internal quotations omitted]").   *Nationwide Mutual Ins. Co.,* 175 Fed. Appx. at 524 (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 57 (3d Cir. 1982)).   Delay alone is rarely enough to find this factor in favor of default.   *Id.* at 523-24 (quoting *Feliciano*, at 656-57).   Moreover, the fact that Plaintiff will have to prove its case on the merits does not constitute prejudice in this context. *Accu-Weather, Inc.*, 779 F.Supp. at 802 (citing *Nash v. Signore*, 90 F.R.D. 93, 95 (E.D. Pa. 1981)).

Thus, the undersigned cannot countenance Plaintiff's contention that the mere passage of time, without more, is prejudicial for purposes of this analysis.   (Pl.'s Br., 13, citing *Johnson v. Muhlenberg Regional Medical Ctr.*, 740 A.2d 1122, 1125 (App. Div. 1999; *Mears v. Sandoz Pharm. Inc.*, 693 A.2d 558, 563 (App. Div. 1997)).   As explained above, the Third Circuit **does** require more.   *See Feliciano*, 691 F.2d at 656-57 ("[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding").   Consequently, this factor also weighs against default.

### 3. Culpability of Defendant QuikCut

To find this factor in favor of default, district courts must find "flagrant bad faith." *Emcasco Ins. Co.*, 834 F.2d at 75 (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)). This definition contemplates contumacious conduct that is strategic and self-serving as opposed to "innocent mishaps or mere mistakes." *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 876 (3d Cir. 1994). Indeed, the Third Circuit explicitly excluded "inexcusable negligent behavior" from the definition of "flagrant bad faith." *Adams*, 29 F.3d at 876.

Defendant QuikCut's conduct does not reflect such "flagrant bad faith." While ill-informed and inexcusable, Mr. Webb's decision to forward the summons issued to Bruco to his insurance carrier and ignore the summons issued to QuikCut was neither strategic nor self-serving. *See Adams*, 29 F.3d at 876 (finding that a party's unexplained four-year hiatus from prosecuting an action demonstrated "inexcusable negligent behavior" as opposed to "flagrant bad faith"). Plaintiff does not identify – nor could it – what could be gainsaid from Webb's inadvertence. Indeed, Defendant QuikCut arguably suffered the most prejudice as a result of its own conduct as it must endure this preliminary round of motion practice before asserting its statute of limitations defense.

C.      **Defendant J&M Hydraulics, Inc.**

Because Defendant J&M fails to submit an affidavit of someone with personal knowledge of the circumstances surrounding its failure to timely respond to this litigation, the undersigned cannot consider its motion to set aside default. Defendant J&M's "Certification of Counsel," replete with facts beyond the personal knowledge of the affiant, is insufficient. *See Fowler v. Borough of Westville*, 97 F. Supp. 2d 602, 607 (D.N.J. 2000) (Irenas, J.) (refusing to consider statements "not founded on personal knowledge"); *United States v. $487,825.00*, 2006 U.S. Dist. LEXIS 33219 (D.N.J. 2006) (Linares, J.) (striking an affirmation after finding it, "replete with legal argument"). The Third Circuit mandates explicit factual findings regarding the three factors outlined above. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default…"). It is axiomatic that this Court cannot conduct this required calculus unless the parties proffer relevant facts. Mindful that the sanction of default is extreme, the undersigned recommends that this Court deny Defendant J&M's motion to set aside default without prejudice to re-filing and reserve judgment on Plaintiff's motion for default judgment. To facilitate this Court's prompt resolution of this matter, I further recommend that this Court require Defendant J&M's filing of said motion within 10 days.

## IV.  CONCLUSION

For the reasons set forth below, the undersigned respectfully recommends that the Court: (1) **GRANT** Defendant QuikCut, Inc.'s motion for leave to file a late motion to dismiss, (2) **DENY** Plaintiff Garry Falor's ("Plaintiff") cross-motion for entry of default judgment against Defendant QuikCut, (3) **RESERVE** decision on Plaintiff's motion for default judgment against Defendant J&M Hydraulics, Inc. ("J&M"), and (4) **DENY** Defendant J&M's motion to set aside default, **WITHOUT PREJUDICE TO RE-FILING**.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas_____
Esther Salas
UNITED STATES MAGISTRATE JUDGE