UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| GARRY R. FALOR,<br><br>          Plaintiff,<br><br>v.<br><br>G&S BILLBOARD, CONMACO/RECTOR L.P., CONMACO, INC., HERCULES MACHINERY CORPORATION, HMC NORTHEAST, INC., J&M HYDRAULICS, INC., AMERICAN PILEDRIVING EQUIPMENT, INC., in its own right and as successor in interest to J&M HYDRAULICS, INC., BRUCO INDUSTRIES, INC., QUIKCUT, INC., in its own right and as successor in interest to BRUCO INDUSTRIES, INC., JOHN DOE #6, JOHN DOE #7, and JOHN DOE # 8<br>          Defendants. | Civil Action No. 04-2373 (HAA) |
| G&S BILLBOARD<br><br>          Third Party Plaintiff,<br><br>v.<br><br>HERCULES MACHINERY CORP., AMERICAN PILEDRIVING EQUIPMENT, INC., in its own right and as successor in interest to J&M HYDRAULICS, INC. d/b/a HMC NORTHEAST, INC., BRUCO INDUSTRIES, INC., and JOHN DOES #1-10<br><br>          Third Party Defendants | **REPORT AND RECOMMENDATION** |

Paul T. Hoffman
HOFMANN & ASSOCIATES
17 Academy Street
Suite 415
Newark, NJ 07102
*Attorneys for Plaintiff*

Michael J. Marone
MCELROY, DEUTSCH, MULVANEY, & CARPENTER
1300 Mount Kemble Ave.
PO Box 2075
Morristown, NJ 07962
*Attorneys for Defendant/Third Party Plaintiff G&S Billboard*

Gerald David Siegel
SIEGEL & SIEGEL, P.C.
666 Plainsboro Road
Building 100, Suite 1F
Plainsboro, NJ 08536
*Attorneys for Third Party Defendant Hercules Machinery Corp.*

Christopher E. Martin, Esq.
MORRISON & MAHONEY
Waterview Plaza
2001 U.S. Highway 46 East
Suite 200
Parsippany, NJ 07054
*Attorneys for Third Party Defendant American Piledriving Equipment, Inc.*

Brian R. Ade
Timothy Boyd Parlin
RIVKIN RADLER LLP
47 Maple Street – Third Floor
Summit, NJ 07901
*Attorneys for Third Party Defendant Bruco Industries, Inc. and Defendant QuikCut, Inc.*

Kevin Michael Regan, Esq.
MARSHALL DENNEHEY
425 Eagle Rock Avenue
Roseland, NJ 07068
*Attorneys for Defendant J&M Hydraulics, Inc.*

**SALAS, United States Magistrate Judge**

## I. INTRODUCTION

On May 7, 2007, this Court entered a Report & Recommendation (Docket Entry #110) recommending that the District Court: (1) **GRANT** Defendant QuikCut, Inc.'s ("QuikCut") motion for leave to file a late motion to dismiss (Docket Entry #95), (2) **DENY** Plaintiff Garry Falor's ("Plaintiff") cross-motion for entry of default judgment against Defendant QuikCut (Docket Entry #99), (3) **RESERVE** decision on Plaintiff's motion for default judgment against Defendant J&M Hydraulics, Inc. ("J&M") (Docket Entry #93), and (4) **DENY** Defendant J&M's motion to set aside default (Docket Entry #106) without prejudice to re-filing.

Soon thereafter, J&M requested that this Court allow it to file additional affidavits to cure the evidentiary deficiencies that plagued its original motion to vacate default. This Court then set forth a corresponding supplemental briefing schedule related solely to Plaintiff's motion for default judgment against J&M and J&M's motion to set aside default. Having considered the parties' original and supplemental submissions,[1] this Court now recommends **GRANTING** J&M's motion to set aside default and therefore **DENYING** Plaintiff's motion for entry of default judgment.

## II. BACKGROUND

The factual background is detailed in the May 7, 2007 Report & Recommendation and the Court will not rehash it here. Rather, the Court proceeds directly to the merits of J&M's motion to vacate default judgment.

---

[1] J&M submitted its supplemental affidavits on July 13, 2007, and Plaintiff replied on July 26, 2007. The Court has considered both of these submissions. Inexplicably, three months later, on October 18, 2007, J&M submitted a reply memorandum, which was opposed both procedurally and substantively by Plaintiff (in an October 19, 2007 reply). This Court will disregard both of these submissions. Nothing in the Court's orders countenanced the filing of a reply brief three months late, and the Court declines to consider this submission in its evaluation of the current motion.

## III.  DISCUSSION

A.  **Legal Standard**

In the May 7, 2007 Report and Recommendation, this Court discussed the legal standard governing default under Federal Rule of Civil Procedure 55.  FRCP 55(c) provides that "for good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Before imposing default, or in addressing a motion to vacate default, the district courts must make explicit factual findings concerning: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment [citations omitted]"). J&M, having now submitted additional affidavits, asks for a favorable ruling from this Court regarding the aforementioned factors.  The Court discusses each factor in turn.

B.  **Analysis**

  1.  **Meritorious Defense**

District courts must find this factor in favor of proceeding on the merits when the party subject to entry of default can proffer a meritorious defense.  Facial merit will suffice to support a finding that this factor favors proceeding on the merits. *Emcasco Ins. Co.*, 834 F.2d at 74 ("We need not decide the legal issue at this time; it is sufficient that Sambrick's proffered defense is not facially unmeritorious [internal quotations omitted]").

Defendant J&M satisfies this standard. In its reply brief (Docket Entry # 109), J&M offers a plethora of potentially meritorious defenses, the most obvious of which being that the product in question was not defective. Additionally, J&M states that the acts of others caused Plaintiff's injuries and that the Plaintiff was on notice as to any alleged defects.[2] On its face, these defenses have merit and at this point in the proceedings, the Court need not delve any deeper to evaluate their relative strengths and weaknesses. *See Accu-Weather, Inc. v. Reuters Ltd.*, 779 F.Supp. 801, 803 (M.D.Pa. 1991) ("[t]he defendant is not required to prove beyond the shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face").

### 2. Prejudice to Plaintiff

For purposes of this next factor, prejudice is established when a plaintiff's ability to pursue the claim has been hindered by "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 57 (3d Cir. 1982). Moreover, the fact that Plaintiff will have to prove its case on the merits does not constitute prejudice in this context. *Accu-Weather, Inc.*, 779 F.Supp. at 802 (citing *Nash v. Signore*, 90 F.R.D. 93, 95 (E.D. Pa. 1981)).

Plaintiff argues that it will be prejudiced by vacating the default because the default established J&M's liability and if it is set aside, then "plaintiff would be required to prove Defendants' liability." (Pl.'s Br. at 5). As explained above, this is not enough to protect

---

[2] J&M now offers, for the first time, the FRCP 12(b)(5) defense of improper service of process. At this stage in the litigation, it appears as though Defendant has waived the ability to assert that defense. *See, e.g.*, *Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731 (7th Cir. 1990) (waiver may be found as a result of a party's conduct as well as by a failure to raise the defense in the party's first pleading); *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278 (5th Cir. 1987). However, given that J&M interposed this new defense in a supplemental certification to a motion to vacate default and given that the issue has not been fully briefed, this Court declines to address it. If Judge Ackerman adopts this Report & Recommendation and allows J&M to proceed on the merits, at that point J&M can move to dismiss on 12(b)(5) grounds and the Court will consider the parties' briefs on the matter.

against vacating default. Plaintiff offers no other evidence of prejudice, other than that associated with proceeding to a merits-based examination of this case, and consequently, this factor also weighs in favor of J&M.

### 3. Culpability of Defendant

To find this factor in favor of default, district courts must find "flagrant bad faith." *Emcasco Ins. Co.*, 834 F.2d at 75 (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). This definition contemplates contumacious conduct that is strategic and self-serving as opposed to "innocent mishaps or mere mistakes." *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 876 (3d Cir. 1994). Indeed, the Third Circuit explicitly excluded "inexcusable negligent behavior" from the definition of "flagrant bad faith." *Adams*, 29 F.3d at 876.

Given the affidavits before this Court, the culpability of defendant remains the most difficult factor to evaluate. Defendant has submitted two affidavits ostensibly supporting its case – one from Mr. John Konwick, who accepted service of process on J&M on April 12, 2006 and one from Sheri-Ann Boeckman, a senior claims account specialist for the insurer who underwrote J&M's insurance policy.

Mr. Konwick's affidavit consists of two paragraphs indicating that he accepted service of the complaint on behalf of J&M and that he was not at that time employed by another entity (American Piledriving Equipment). (Supp. Cert. of Kevin M. Regan, Exh. C ("Konwick Aff.")). Ms. Boeckman's affidavit relates the events that she and her office undertook, beginning on December 27, 2006, to address with the current lawsuit. (Supp. Cert. of Kevin M. Regan, Exh. D ("Boeckman Aff.")). After ascertaining that there was indeed a policy in place for J&M for the date of loss, Ms. Boeckman contacted Mr. Kingsley Everitts (J&M's principal) and

referred the matter to local defense counsel, Kevin M. Regan.  (Boeckman Aff., ¶¶ 6, 9). Throughout the month of January, Ms. Boeckman attempted to contact both Mr. Everitts and representatives from American Piledriving Equipment, a company that she learned had purchased J&M.  (*Id.* ¶¶ 7-19).  Soon thereafter, upon learning that a default had been entered, Mr. Regan filed the present motion to vacate.  Certainly, the facts indicate that once the complaint reached Ms. Boeckman's office, it was properly and efficiently addressed.

Neither affidavit, however, speaks directly to the events that occurred between the date of service (April 12, 2006) and the date upon which Ms. Boeckman first heard of this litigation (December 26, 2007).  Thus, the Court is still in the dark as to what transpired during those intervening eight months.  The best source for that information would obviously be an affidavit from Mr. Kingsley Everitts, J&M's principal, which is suspiciously absent from the submissions.  In the end, however, there is no evidence indicating culpability or non-culpability of Defendant J&M and there is certainly nothing to indicate "flagrant bad faith."  On these facts, the third factor remains neutral, as the facts do not indicate bad faith, but they also do not conclusively indicate that the delay was the result of "innocent mistakes."

## IV.  CONCLUSION

Given that the first two factors weigh heavily in favor of vacating default and the third factor remains neutral, along with this Circuit's policy in favor of trying cases on the merits, and the fact that is a motion to vacate default and not default judgment, this Court must give J&M the benefit of the doubt and recommend vacating default.  The Court takes note of the dearth of information conveyed in the supplemental certifications but finds that the three factors taken *as a whole* weigh in favor of vacating default.

In sum, this Court's final recommendations – combining this Report and Recommendation along with the May 7, 2007 Report & Recommendation – are as follows: (1) **GRANT** Defendant QuikCut, Inc.'s motion for leave to file a late motion to dismiss, (2) **DENY** Plaintiff Garry Falor's ("Plaintiff") cross-motion for entry of default judgment against Defendant QuikCut, (3) **DENY** Plaintiff's motion for default judgment against Defendant J&M, and (4) **GRANT** Defendant J&M's motion to set aside default.

Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
Esther Salas
UNITED STATES MAGISTRATE JUDGE