NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRY R. FALOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| G&S BILLBOARD, CONMACO/RECTOR ) | |
| L.P., CONMACO, INC., HERCULES ) | |
| MACHINERY CORPORATION, ) | Hon. Harold A. Ackerman |
| HMC NORTHEAST, INC., J&M ) | |
| HYDRAULICS, INC. D/B/A HMC ) | Civil Action No. 04-2373 (HAA) |
| NORTHEAST, INC., AMERICAN ) | |
| PILEDRIVING EQUIPMENT, INC. IN ITS ) | **OPINION AND ORDER** |
| OWN RIGHT AND AS SUCCESSOR IN ) | |
| INTEREST TO J&M HYDRAULICS, INC., ) | |
| BRUCO INDUSTRIES, INC., QUIKCUT, ) | |
| INC., IN ITS OWN RIGHT AND AS ) | |
| SUCCESSOR IN INTEREST TO BRUCO ) | |
| INDUSTRIES, INC., JOHN DOE #6, JOHN ) | |
| DOE #7, and JOHN DOE #8, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| G&S BILLBOARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HERCULES MACHINERY CORPORATION, ) | |
| AMERICAN PILEDRIVING EQUIPMENT, INC., ) | |
| IN ITS OWN RIGHT AND AS SUCCESSOR IN ) | |
| INTEREST TO J&M HYDRAULICS, INC., ) | |
| BRUCO INDUSTRIES, INC., JOHN DOE 1–10 ) | |
| ) | |
| Defendants. ) | |
| ) | |

1

Paul T. Hofman, Esq.
HOFMAN & ASSOCIATES
1130 Route 202 South, Suite A7
Raritan , NJ 08869
*Attorneys for Plaintiff Garry R. Falor*

Brian R. Ade, Esq.
RIVKIN RADLER LLP
21 Main Street
Court Plaza South—West Wing
Hackensack, New Jersey 07601
*Attorneys for Defendant Quikcut, Inc.*

Jennifer A. Watson, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
425 Eagle Rock Avenue, Suite 302
Roseland, New Jersey 07068
*Attorneys for Defendant J&M Hydraulics, Inc.*

Glenn Curving, Esq.
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Headquarters Plaza
One Speedwell Ave.
Morristown, New Jersey 07962
*Attorneys for Defendant / Third-Party Plaintiff G&S Billboard*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the motions (Doc. Nos. 151, 159) filed by Defendants Quikcut, Inc. and J&M Hydraulics, Inc. (collectively "Moving Defendants") to dismiss the claims brought against them in Counts II–V of Plaintiff's Fourth Amended Complaint or, in the alternative, to dismiss Counts III–V as against them because New Jersey's Products Liability Act subsumes Plaintiff's tort-based claims.  Plaintiff consents to the dismissal of Counts III–V as against Moving Defendants, but opposes dismissal of the products liability claim in Count II.  Meanwhile, anticipating that the Court will dismiss Plaintiff's Fourth

Amended Complaint with regard to Moving Defendants, co-Defendant G&S Billboard ("G&S") moves (Doc. Nos. 158, 164) for leave to amend its Third-Party Complaint to reinstate its current cross-claims against Moving Defendants pursuant to Federal Rule of Civil Procedure 14. For the following reasons, the Court will grant Moving Defendants' motions to dismiss Counts II–V of Plaintiff's Fourth Amended Complaint as against them, and the Court will grant G&S's motion for leave to amend its Third-Party Complaint against J&M Hydraulics, Inc. The Court will defer judgment on G&S's motion for leave to amend its Third-Party Complaint against Quikcut, Inc. until it has received supplemental briefing on the matter.

   The instant litigation arises from a tragic construction accident, in which Plaintiff, construction worker Garry Falor, fell from the ladder of a piledriving lead, impaling himself on a steel reinforcement bar ("rebar") at the job site. Falor filed suit against Moving Defendants and G&S, among others, for injuries sustained in the fall. G&S, the contractor for the billboard construction project where the accident occurred, has sought to offset some of its potential liability for Falor's injury by filing cross-party and third-party products liability claims against the alleged manufacturers and distributors of the lead from which Falor fell.

   On October 24, 2006, this Court issued an Opinion and Order (Doc. No. 76, hereinafter "2006 Opinion") granting a motion to dismiss Plaintiff's Fourth Amended Complaint as against other Defendants[1] in this case on the ground that Plaintiff failed to file his products liability claims against them within the statute of limitations. In reaching this decision, the Court ruled

---

[1] The Defendants dismissed were the successor-in-interest and predecessor-in-interest of Moving Defendants. Moving Defendant Quikcut, Inc. is the successor-in-interest to dismissed Defendant Bruco Industries, Inc., and dismissed Defendant American Piledriving Equipment, Inc. is the successor-in-interest to Moving Defendant J&M Hydraulics, Inc.

that Plaintiff could not rely on Federal Rule of Civil Procedure 15(c)(1) to bypass the limitations period because the previous, timely versions of Plaintiff's Complaint did not satisfy New Jersey's fictitious party rule, New Jersey Court Rule 4:26-4.  At the same time, the Court granted leave for another Defendant in this case—G&S—to file a third-party complaint against the dismissed parties.  However, this Court recognized at the time that G&S could not file a third-party complaint against Moving Defendants because Moving Defendants had not joined the dismissed parties' motion to dismiss and, thus, were still live parties.

Now, more than a year later, Moving Defendants have jumped on the bandwagon, and Plaintiff concedes that the present motions to dismiss revisit the issues determined, with regard to other parties in the suit, in the 2006 Opinion.  Because the outcome of the present motions determines the viability of G&S's motions to amend its Third-Party Complaint,[2] the initial question for the Court to decide is whether the "law of the case" announced in the 2006 Opinion applies with equal vigor to Moving Defendants.  Because the present motions to dismiss address the same statute of limitations and fictitious party pleading issues, and because the Court sees no meaningful distinction between Moving Defendants and the previously dismissed parties, the Court concludes that the "law of the case" warrants dismissal of Plaintiff's claims against Moving Defendants.

The "law of the case" doctrine reflects courts' general reluctance to reconsider matters soundly decided.  "The doctrine is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Phila. Litig.*, 158 F.3d 711, 717–18 (3d Cir.

---

[2]G&S would have no reason to convert its cross-claims into third-party claims if the adverse party remains a live Defendant in the original lawsuit.

1998). In many ways, "law of the case" disputes are the opposite side of the motion for reconsideration coin. The only difference between the two is the filing party: prevailing parties or similarly-situated parties seek to apply the "law of the case" against subsequent parties in similar circumstances, and losing parties seek reconsideration of the adverse decision. Not surprisingly, the Third Circuit has adopted the same basic "extraordinary circumstances" framework for reviewing "law of the case" disputes that applies to motions for reconsideration: the "law of the case" doctrine does not apply where "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *In re City of Phila. Litig.*, 158 F.3d at 718 (citing *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997)); *cf. N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (motion for reconsideration standard). However, the "law of the case" doctrine only applies to a court's decisions of law. *See, e.g.*, *In re City of Phila. Litig.*, 158 F.3d at 718; Wright & Miller, Federal Practice and Procedure § 4478. In other words, dicta does not have precedential value such that a court may consider a matter previously decided.

      Here, there is no doubt that this Court previously made a decision of law that Plaintiff's products liability claims against certain fictitious parties were barred by the statute of limitations because Plaintiff's pleadings had not satisfied New Jersey's fictitious party rule. Plaintiff seems to suggest that the circumstances regarding his "John Doe" pleadings against Moving Defendants differ in some way from the "John Doe" pleadings he made against the previously dismissed parties, such that the present motion presents a separate and distinct matter for the Court to decide; yet, Plaintiff provides no support for this assertion. Rather, Plaintiff argues that the Court

*could* have decided the previous motions to dismiss differently if presented with a "full" explanation of the First Amended Complaint. (Pl.'s Br. at 10–11.) While Plaintiff's argument might have traction in the realm of hypotheticals, it does not present the "extraordinary circumstances" necessary to overcome the strong presumption of the law of the case.

First, the language cited by Plaintiff from the First Amended Complaint as the basis for the products liability claim against Moving Defendants—paragraphs 34 and 36—did not distinguish the alleged wrongdoings of one fictitious party from another. Thus, the Court sees no reason why the 2006 Opinion, which dismissed Plaintiff's products liability claim against other Defendants initially joined as fictitious parties, would not be the law of this case. Second, paragraphs 34 and 36 of the First Amended Complaint only serve to further justify the Court's previous determination that the pleading failed to make out a products liability claim against a fictitious party. Paragraph 34 only appears to allege the negligence of unspecified "defendants" for their failure to provide unspecified safety devices and/or equipment for the worksite, while paragraph 36 expressly distinguishes between an alleged product defect attributable to Defendants Conmaco/Rector, L.P. and Conmaco, Inc., and the unspecified "negligence" of the fictitious parties. (First Am. Compl., Doc. No. 3, ¶¶ 34, 36.)[3]

Plaintiff concedes that the First Amended Complaint "is not a model of drafting clarity with respect to the allegations against the John Does" (Pl.'s Br. at 10), but candor and humility, while virtues, cannot excuse the failure to follow pleading requirements. Accordingly, the rationale of the 2006 Opinion applies, and the Court will grant Moving Defendants' motions to dismiss in their entirety.

---

[3]Conveniently, Plaintiff's motion brief omitted this portion of paragraph 36.

Because the Court will grant the above motions, the Court must now consider Defendant G&S's motions for leave to file an amended third-party complaint against the Defendants dismissed by this Order. District courts in this Circuit have considered the following factors in determining whether to grant leave to file a third-party complaint: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999); *see also Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1068 (D. Del. 1990); *Con-Tech Sales Defined Benefit Trust v. Cockerham*, 715 F. Supp. 701, 703 (E.D. Pa. 1989). As was the case with the co-Defendants dismissed by the 2006 Opinion, these factors favor granting leave here. All parties to the action have notice because Moving Defendants were parties to the original action; granting leave would not result in undue delay or an unnecessary complication of trial issues; and the third-party claims pose no risk of prejudice to the Plaintiff. Essentially, all that G&S seeks to do now is convert its existing cross-claims against Moving Defendants into third-party claims in the event that the Court dismisses Moving Defendants from the original lawsuit.

Moving Defendant J&M Hydraulics, Inc. revives the argument, first raised by the parties dismissed in the 2006 Opinion, that the Supreme Court's decision in *Karcher v. May*, 484 U.S. 74, 77 (1987) shields it from third-party claims because it was an original party to Falor's lawsuit. However, in deciding G&S's previous motion to file a third-party complaint against the previously dismissed Defendants in this case, the Court rejected such a broad reading of *Karcher* and held that dismissed original parties were fair game for third-party claims. (2006 Opinion at

12–13.)[4]  J&M Hydraulics, Inc. provides no new support for the *Karcher* argument, and the Court sees no reason to reconsider the matter.  The Court will grant G&S's motion for leave to file an amended third-party complaint against J&M Hydraulics, Inc.

However, Moving Defendant Quikcut, Inc. contends that it has corporate immunity under New Jersey law as a successor-in-interest to Third-Party Defendant Bruco, implicitly arguing that such immunity would render G&S's anticipated claim futile.  This Court acknowledges that leave to amend should not be granted where amendment would be futile.  *See, e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).  The key to the futility inquiry is whether the proposed amended complaint would withstand a motion to dismiss.  *See, e.g.*, *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  Yet, at this time, G&S has not had the opportunity to answer the futility argument raised by Quikcut, Inc.  The Court will withhold judgment on G&S's motion to file a third-party claim against Quikcut, Inc. until it has heard from G&S on the matter.  Accordingly, this Court will order G&S to file a supplemental brief.

### *Conclusion & Order*

For the reasons stated herein, it is hereby ORDERED that Moving Defendants' motions (Doc. Nos. 151, 159) are GRANTED, and Counts II–V of Plaintiff's Fourth Amended Complaint are DISMISSED with regards to Quikcut, Inc. and J&M Hydraulics, Inc.  It is hereby further ORDERED that G&S Billboard's motion (Doc. No. 164) for leave to amend its Third-Party Complaint to include J&M Hydraulics, Inc. as a third-party defendant is GRANTED.

---

[4]As this Court previously explained, *Karcher* did not address the propriety of filing a third-party complaint against a dismissed original party.  (2006 Opinion at 12.)

G&S Billboard is hereby ORDERED to file a brief of not more than 5 pages by December 19, 2008, limited solely to the issue of futility with regard to its motion (Doc. No. 158) for leave to file an amended third-party complaint against Quikcut, Inc.

December 8, 2008
Newark, New Jersey

/s/ Harold A. Ackerman
U.S.D.J.